UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE WOLF, as Personal Representative
of the Estate of ANNA BAISHEVA and on
behalf of its beneficiaries,

               Plaintiff,

        v.

CITY OF EVERETT, *et al.*,

               Defendant.

Case No. C25-1556-RSM

ORDER GRANTING PLAINTIFF'S
REQUEST FOR RELIEF UNDER
RULE 56(d)

This matter comes before the Court on Plaintiff's Response, Dkt. #20, to Defendant Snohomish County's Motion for Summary Judgment, Dkt. #14. Defendant's Motion for Summary Judgment was filed on September 22, 2025, just over a month after this case was removed from King County Superior Court. Dkts. #1 and #14. At that time, discovery had not begun and is still ongoing. The parties have stipulated to continuing the discovery deadline to August 3, 2026, with dispositive motions due by September 1, 2026. Dkt. #31. Plaintiff also filed a motion to supplement the Response on June 3, 2026. Dkt. #33.

In Plaintiff's Response to Defendant's summary judgment Motion, Plaintiff requests "that the Court defer ruling on the pending motion and allow Plaintiff to conduct discovery pursuant to FRCP 56(d)." Dkt. #20 at 14. Plaintiff points to the following as specific discovery relevant to the Motion:

ORDER GRANTING PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 56(d) - 1

To date, the parties have not engaged in any discovery. There has been no discovery as to the circumstances by which Snohomish County obtained this property and whether there were any restrictions on the transfer of the property to the County. The undersigned [Plaintiff] believes that relevant discovery would also include facts and circumstances surrounding Darlington Beach's classification and use, as well as whether the County has participated in any discussions with the City or [Defendant] BNSF [Railway Company] regarding potential shoreline access, or has taken any enforcement action. There is no evidence that the County either "opened" the property to the public, or that it has the authority to "close" the property to the public. There is also no evidence as to whether the property is used for any other purposes."

Dkt. #21 at ¶ 5. In Plaintiff's motion to supplement the Response, noted for June 24, 2026, Plaintiff asserts that "discovery since Plaintiff's Rule 56(d) request has produced precisely the evidence Plaintiff identified as necessary to oppose summary judgment." Dkt. #33 at 5.

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held that a Rule 56(d) continuance "should be granted as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort*

ORDER GRANTING PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 56(d) - 2

*Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotations omitted). However, the Ninth Circuit has also explained that a party requesting Rule 56(d) relief "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

The Court has reviewed the briefing and remainder of the record and finds that Plaintiff's Rule 56(d) request is timely, and Plaintiff has set forth at least some specific relevant information that Plaintiff seeks to obtain through discovery to justify the requested relief. Given the above legal standards and the procedural history of this case, the Court will grant Plaintiff's request and defer ruling on Defendant's Motion until after the discovery deadline of August 3, 2026. Dkt. #31.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's request for relief under Federal Rule of Civil Procedure 56(d), Dkt. #20, is GRANTED.

(2) The noting date for Defendant Snohomish County's Motion for Summary Judgment, Dkt. #14, is STRICKEN and DEFERRED.

(3) The Court DIRECTS the Clerk to re-note Defendant's Motion for Summary Judgment, Dkt. #14, for consideration on August 17, 2026.

DATED this 5th day of June, 2026.

Ricardo S. Martinez
United States District Judge

ORDER GRANTING PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 56(d) - 3